UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EDWARD McNABB, | ) 1:10-cv—01191-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DEEMING SUPPLEMENTAL BRIEF |
| | ) TO BE PART OF THE PETITION |
| | ) (DOCS. 1, 7) |
| v. | ) |
| | ) ORDER CONSTRUING THE PETITION TO |
| WARDEN YATES, et al., | ) CHALLENGE THE DENIAL OF PAROLE ON |
| | ) AUGUST 1, 2006 |
| Respondent. | ) |
| | ) ORDER DENYING WITHOUT PREJUDICE |
| | ) PETITIONER'S MOTIONS FOR AN |
| | EVIDENTIARY HEARING (DOC. 10) AND |
| | FOR SUMMARY JUDGMENT (DOC. 11) |

ORDER CONSTRUING PETITIONER'S PETITION FOR WRIT OF MANDATE (DOC. 13) TO BE A REQUEST FOR A DECISION ON THE MERITS

ORDER DENYING PETITIONER'S REQUEST FOR A DECISION ON THE MERITS (DOC. 13)

ORDER REQUIRING RESPONDENT TO FILE A RESPONSE TO THE PETITION

ORDER SETTING A BRIEFING SCHEDULE

ORDER DIRECTING THE CLERK TO SERVE DOCUMENTS ON THE ATTORNEY GENERAL

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant

1

to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on August 30, 2010 (doc. 9). Pending before the Court is the petition, which was filed in the United States District Court for the Central District of California on June 22, 2010, and transferred to this Court on July 1, 2010.

I. Deeming the Supplemental Brief to Be Part of the Petition

Several weeks after the petition was transferred to this Court, Petitioner filed a supplemental brief on July 22, 2010. The brief concerns denial of Petitioner's parole, and specifically the absence of evidence for the conclusion that he remains a danger to society.  It thus appears appropriate to consider the brief as a supplement to the petition.

Accordingly, the supplemental brief filed on July 22, 2010 (doc. 7) is DEEMED to be a part of, and supplement to, the petition.

II. Screening and Construing the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

2

1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, the petition refers to the denial of Petitioner's parole. Petitioner argues that the denial violated 1) his right to due process of law under the Fourteenth Amendment because of an absence of evidence to support the finding concerning the danger that Petitioner presented and the callous nature of his offense, 2) his right to be protected against ex post facto laws, and 3) his Eighth Amendment right to be free of cruel and unusual punishments.

Although the petition includes materials relating to numerous, past denials of parole (Pet. 10-15, Supp. [doc. 7] 6-

36), Petitioner complains of the continuing denial of parole. The Court understands that the gravamen of Petitioner's complaint is thus the most recent denial of his parole that occurred on August 1, 2006. (Pet. 16.) To construe the petition as challenging other, past denials would be inconsistent with the governing procedural principle that a habeas petition appropriately addresses only a single tribunal's decision. Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules). Thus, should Petitioner wish to challenge a different decision or decisions, he would have to file a separate petition for each parole decision challenged. Further, Petitioner does not purport to have exhausted state court remedies as to all the denials of parole that occurred in the past.

Therefore, the Court CONSTRUES the petition as challenging the decision of August 1, 2006, finding Petitioner unsuitable for parole.[1]

III. <u>Denial of Petitioner's Motion for Evidentiary Hearing</u>

On September 1, 2010, Petitioner filed a motion for an evidentiary hearing on the ground that the merits of a factual dispute were not resolved in state court proceedings. (Doc. 10.)

The legal standards that govern Petitioner's motion are established. If a petition is not dismissed, the Court must

---

[1] The Court notes that Petitioner appears to have twice challenged this particular denial of parole, but petitions in both cases were dismissed without prejudice. The petition filed in <u>McNabb v. Board of Prison Terms</u>, 1:07-cv-01535-AWI-SMS, was dismissed without prejudice for lack of exhaustion by judgment entered February 26, 2008 (docs. 9, 12, 13). The petition filed in <u>McNabb v. Warden, et al.</u>, 1:08-cv-00173-LJO-SMS, was dismissed without prejudice at Petitioner's request by judgment entered on March 4, 2008 (docs. 7, 8).

4

review the answer, any transcripts and records of state court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  In considering a request for an evidentiary hearing, the Court must first determine whether a factual basis exists in the record to support the petitioner's claim.  Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999).

In this order, this Court will direct the Respondent to file a response to the petition.  It is thus too early to determine whether Petitioner is entitled to an evidentiary hearing because the full record is not before the Court.  Further, Petitioner has not demonstrated that there is a disputed material fact that would require factual development by way of an evidentiary hearing.

Accordingly, Petitioner's motion for an evidentiary hearing is DENIED without prejudice.

IV.   Denial of Petitioner's Motion for Summary Judgment

On October 27, 2010, Petitioner filed a motion for summary judgment.  (Doc. 11.)

Petitioner contends that his petition and the supplement thereto establish that his petition should be granted.  However, the full record of the proceedings before the parole authority is not before the Court and Respondent has not briefed the issues.  Thus, it is premature to consider Petitioner's motion for summary judgment.

Petitioner asserts in his motion that there are no issues of

material fact.[2] Although this may ultimately be shown by a complete record to be true, at the present stage of the proceedings, Petitioner has not yet shown that he is entitled to judgment as a matter of law.

Accordingly, Petitioner's motion for summary judgment is DENIED without prejudice.

V. <u>Order Construing the Petition for Writ of Mandamus to Be a Request for a Decision on the Merits and Denying the Request</u>

On December 8, 2010, Petitioner filed a document entitled, "Petition for Writ of Mandamus." (Doc. 13.) This document was filed within the instant habeas corpus proceeding and is directed to the United States District Court for the Eastern District of California. Further, review of the document reflects that Petitioner seeks to have the Court consider the petition for writ of habeas corpus on the merits, grant the petition, and release Petitioner. (Doc. 13, 1-2.) Petitioner cites to <u>Johnson v. Rogers</u>, 917 F.2d 1283 (10th Cir. 1990), in which the Court of Appeals directed a district court to proceed to determine a habeas petition that had been at issue for over fourteen months.

Because the document seeking mandamus relief was directed to this Court and seeks only that the Court "READ, CONSIDER, AND GRANT" the petition for writ of habeas corpus (doc. 13, 2), the Court CONSTRUES Petitioner's petition for writ of mandamus to be a request for a decision on the merits.

In the instant case, the petition is not at issue; a response is just being ordered now. It would be premature to

---

[2] This assertion appears to be inconsistent with Petitioner's request for an evidentiary hearing.

6

1 consider the merits of the petition.

2 Accordingly, the Court DENIES Petitioner's request for a
3 decision on the merits.

4     VI.  <u>Response to the Petition</u>

5 The Court has conducted a preliminary review of the
6 petition. It is not clear from the face of the petition whether
7 Petitioner is entitled to relief. 28 U.S.C. § 2243.
8 Accordingly, pursuant to Rule 4 of the Rules Governing Section
9 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[3]
10 the Court hereby ORDERS:

11     1.  Respondent SHALL FILE a RESPONSE to the petition[4]
12         within **SIXTY (60) days** of the date of service of this
13         order. <u>See</u> Rule 4, Rules Governing Section 2254 Cases;
14         <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir.
15         1985) (court has discretion to fix time for filing a
16         response). A response can be made by filing one of the
17         following:

18     A.  An ANSWER addressing the merits of the petition.
19         Respondent SHALL INCLUDE with the ANSWER any and
20         all transcripts or other documents necessary for
21         the resolution of the issues presented in the
22         petition. <u>See</u> Rule 5, Rules Governing Section

---

[3] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing Section 2254 Cases.

[4] Respondent is advised that a scanned copy of the petition is available in the Court's electronic case filing system (CM/ECF).

7

        2254 Cases. Any argument by Respondent that a claim of Petitioner has been *procedurally defaulted* SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

   B. A MOTION TO DISMISS the petition. A motion to dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings. See Rule 5, Rules Governing Section 2254 Cases.[5]

2. If Respondent files an answer to the petition, Petitioner MAY FILE a traverse within **THIRTY (30) days** of the date Respondent's answer is filed with the Court. If no traverse is filed, the petition and answer are deemed submitted at the expiration of the thirty (30) days.

3. If Respondent files a motion to dismiss, Petitioner SHALL FILE an opposition or statement of non-opposition within **TWENTY-ONE (21) days** of the date Respondent's motion is filed with the Court. If no opposition is filed, the motion to dismiss is deemed submitted at the expiration of the thirty (30) days. Any reply to an opposition to the motion to dismiss SHALL BE FILED within **SEVEN (7) days** after the opposition is served.

---

[5]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4, Rules Governing Section 2254 Cases; see also Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the respondent may file a motion to dismiss for failure to exhaust); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (providing that a motion to dismiss pursuant to Rule 4 is proper in a federal habeas proceeding).

4. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court within **THIRTY (30) days** a consent/decline form indicating whether the party consents or declines to consent to the jurisdiction of the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

5. The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Requests for extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

**Dated:   December 16, 2010**             /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

9